**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAUL ANTONIO PEREZ QUEVEDO, | No. 10-70391 |
| Petitioner, | Agency No. A073-420-966 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:      SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Saul Antonio Perez Quevedo, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo due process claims, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

Perez Quevedo contends he was harmed by the civil patrol in Guatemala due to his political neutrality. Substantial evidence supports the agency's finding that Perez Quevedo failed to establish past persecution or a well-founded fear of future persecution. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n. 1 (1992); *see also Sangha v. INS*, 103 F.3d 1482, 1488 (9th Cir. 1997) ("[An] applicant must not merely avow his political neutrality ... but must also show that this opinion was articulated sufficiently for it to be the basis of his past or anticipated persecution.") (citation and quotation omitted). Accordingly, Perez Quevedo's asylum claim fails. In the absence of past persecution, Perez Quevedo's humanitarian asylum claim necessarily fails. *See* 8 C.F.R. § 1208.13(b)(1)(iii).

Moreover, because Perez Quevedo failed to satisfy the lower burden of proof for asylum, it follows that he has not met the higher clear probability standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

10-70391

Further, substantial evidence supports the BIA's denial of Perez Quevedo's CAT claim because he did not establish it is more likely than not he will be tortured if returned to Guatemala. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

In addition, we reject Perez Quevedo's argument that the BIA did not provide a careful review of the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a petitioner to prevail on a due process claim).

Because Perez Quevedo's case was initially heard by an asylum officer, we reject the argument he raises under the Trafficking Victims Protection Reauthorization Act. *See* 8 U.S.C. § 1158(b)(3)(C).

Finally, we lack jurisdiction over any challenge to the IJ's denial of a motion to continue because Perez Quevedo did not raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**